IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JERMAINE DION WHITE,<br><br>Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:21-CR-501-DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)((A) [ECF No. 606]. Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction. Defendant requests that the court release him from custody because of his ulcerative colitis condition, which has caused him to be hospitalized twice during his period of incarceration. The United States filed an opposition to Defendant's motion. As the movant, Defendant bears the burden of establishing that he is eligible for the requested sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

The First Step Act modified 18 U.S.C. § 3582(c)(1)(A) to allow a federal prisoner to file a motion directly with the court to reduce the defendant's term of imprisonment after the defendant has exhausted administrative remedies with the Bureau of Prisons. *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019). Although not jurisdictional, the exhaustion requirement set forth in § 3582(c)(1)(A) is a mandatory claim-processing rule that district courts

must enforce when the government invokes it. *See United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021). As such, the exhaustion rule cannot be judicially waived for equitable considerations, such as "a finding that exhaustion would be futile." *United States v. Johnson*, 849 F. App'x 750, 752-53 (10th Cir. 2021).

In this case, Defendant states that he submitted a request for compassionate release to the warden on August 4, 2025, and that the warden denied his request on August 11, 2025. But he did not attach any documentation. Because there is no proof of exhaustion, Defendant's motion cannot proceed in this court. Moreover, even if the court was to accept Defendant's allegation as proof, he alleges that the warden denied the request within the first thirty days. When a warden denies a request within thirty days, courts in this Circuit require "full administrative exhaustion—including, internal administrative appeals of the warden's decision." *United States v. Cook*, No. 21CR895, 2023 WL 4848514, at *2 (D.N.M. July 28, 2023); *United States v. Tafoya*, No. CR 15-4112 RB, 2022 WL 3586247, at *2 (D.N.M. Aug. 22, 2022), *aff'd* No. 22-2110, 2023 WL 4446353 (10th Cir. July, 11, 2023). It is only when thirty days have passed from the defendant's unanswered request to the warden that allows the defendant to proceed to district court for relief. *United States v.* Garcia, No. 2:21-CR-236-HCN-DBP-16, 2024 WL 3634284, at *5 (D. Utah Aug. 2, 2024) (quoting *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021)). There is no allegation that Defendant proceeded to exhaust all his administrative remedies after the warden's denial. Accordingly, the court denies and dismisses Defendant's motion for failure to demonstrate that he has exhausted administrative remedies.

## CONCLUSION

Based on the foregoing reasoning, Defendant's Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A) [ECF No. 606] is DENIED and DISMISSED.

Dated this 13th day of January 2026.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge