**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>**Plaintiff,**<br>**v.**<br>**JERMAINE DION WHITE,**<br>**Defendant.** | **MEMORANDUM DECISION AND ORDER**<br>**Case No. 2:21-CR-501-DAK**<br>**Judge Dale A. Kimball** |

This matter is before the court on Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)((A) [ECF No. 620]. Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction. Defendant requests that the court release him from custody because the mother of his son passed away and his son is without guardianship. The United States Probation Office filed a recommendation with the court recommending that the motion be denied. As the movant, Defendant bears the burden of establishing that he is eligible for the requested sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

The First Step Act modified 18 U.S.C. § 3582(c)(1)(A) to allow a federal prisoner to file a motion directly with the court to reduce the defendant's term of imprisonment after the defendant has exhausted administrative remedies with the Bureau of Prisons. *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019). Although not jurisdictional, the exhaustion requirement set forth in § 3582(c)(1)(A) is a mandatory claim-processing rule that district courts

must enforce when the government invokes it. *See United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021). As such, the exhaustion rule cannot be judicially waived for equitable considerations, such as "a finding that exhaustion would be futile." *United States v. Johnson*, 849 F. App'x 750, 752-53 (10th Cir. 2021).

In this case, Defendant states that he submitted a request for compassionate release to the warden, the warden has not responded, and it has been over sixty days since his request. But he did not attach any documentation. Because there is no proof of exhaustion, Defendant's motion cannot proceed in this court.

Moreover, even if the court were to accept Defendant's representation that he filed a request with his warden, Defendant has not demonstrated that he is the only available caregiver for the minor.

**CONCLUSION**

Based on the foregoing reasoning, Defendant's Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A) [ECF No. 620] is DENIED and DISMISSED.

Dated this 26th day of August 2026.

BY THE COURT:

Dale A. Kimball

DALE A. KIMBALL
United States District Judge